## DOAK *vs.* SWANN *& al.*

Where four out of five tenants in common of a paper mill, for the more convenient management of their business, entered into an agreement that one of their number should be sole manager, foreman and book-keeper, another should perform general labor in the mill, another should be engineer, and the fourth should "collect stock and market the paper," at fixed compensations to each;—it was held that this constituted a partnership of those who signed it, in the business of making and vending paper; and that a promissory note, given for stock, in the name of the company, by the party appointed to the charge of that department, was binding on all the parties to the agreement.

THIS was an action of *assumpsit* against *John Swann, John Woodcock, Benjamin T. Pierce*, and *Daniel F. Harding*, on a promissory note given to the plaintiff, of the following tenor :—*Camden, Oct.* 29, 1829. For value received of *James Doak*, we, *Swann, Woodcock & Co.* promise to pay him or his order twenty seven dollars and thirty cents on demand with interest. *Swann, Woodcock & Co.*" This note was given by *Pierce* for stock which was used in the defendants' paper mill ; and his authority to bind the others was argued from the agreement among them in these terms :
"The subscribers, owners of the paper-mill, for the purpose of economy adopt the following arrangement, until they shall think it

best to adopt other arrangements. *John Woodcock* is to be sole manager and foreman, and keep the accounts, at one dollar and twenty five cents per day, and board himself. Mr. *Swann* is to have one dollar per day for his labor in the mill, and board himself. *E. T. Barrett* is to be engineer three months, at eighteen dollars per month, and board himself. Mr. *Pierce* is to collect stock and market the paper, at one dollar per day and expenses paid. *Camden, Aug.* 20, 1829." This was signed by all the present defendants, but not by *Barrett.*

At the trial in the Court below, *Perham J.* ruled that this was sufficient authority to *Pierce* to bind all the defendants, the stock having been used for the common benefit; to which they filed exceptions; a verdict being returned for the plaintiff.

*W. Crosby,* for the defendant, in support of the exceptions, cited *Emerson v. The Providence hat manufacturing company,* 12 *Mass.* 242; *Paley on Agency,* 160; 1 *H. Bl.* 155; 12 *Mass.* 189; 13 *Mass.* 178.

*Abbot,* for the plaintiff.

The opinion of the Court was read in the ensuing *November* term in *Cumberland,* as drawn up by

WESTON J. If the defendants were partners in the business of making paper at their mills, or if *Pierce* was authorized by the written evidence in the case to sign the note in question in their behalf, the action is maintained. Their ownership of the mill would not make them partners; but if they voluntarily unite to carry on the manufactory of paper, either in their own mill, or in any other, on their joint account, or for their common benefit, they may be regarded as partners in this particular business, even as between themselves; much more where strangers are concerned. And we are of opinion that the written agreement is evidence that they did thus associate. They made certain arrangements professedly for the sake of economy; to enure to whose benefit? Doubtless to their general or joint benefit. They agree what sum shall be paid to two of their associates respectively, for their personal services.

Out of what fund they are to be paid is not expressly stipulated; but it must be intended out of their joint fund or credit. The whole, in their associated capacity, contract with a part of their number as individuals. It results from the nature of their connexion, that they must all share in the profits, and be responsible for losses, arising in the prosecution of the business. In what proportions, it is not necessary in this action to settle; but in the absence of any express agreement upon this point, it might be presumed that they would share profits and responsibilities, according to the share of each in the mill. It has been urged that as owners of the mill, they must be deemed to be tenants in common only; otherwise by the sale and transfer by one of his interest in the mill to a stranger, a partner might be imposed upon the others, without their consent, and even against their will. To this it may be replied that we do not hold them to be partners, because they are owners of the mill, but because they have united in the prosecution of a joint business, which is the basis of all partnerships.

But aside from the question of partnership, *Pierce* was expressly constituted the agent of the defendants, in the purchase of stock and in the sale of their paper. In the exercise of this authority, they have imposed no restriction. It does not appear that he was furnished with funds, wherewith to make immediate payment, for stock purchased. It may well therefore be considered as within the scope of his agency to purchase on credit; and if so it would result that he might give to a party of whom he purchased, a note or memorandum in writing as evidence of the debt thereby created. So long as it was limited, as it certainly must be, to the purchase of stock on account of his principals, the giving of a note would have no tendency to increase their liability; and it would be better for all concerned than to have the business for future adjustment, in the shape of open and unsettled accounts. In the case of *Emerson & al. v. the Providence hat company,* 12 *Mass.* 242, cited in the argument, it was held that the defendants were not liable for notes signed by a sub-agent, who had no authority directly from them. And this decision was very properly placed upon the ground that a

confidence exists between principal and agent, which is not communicated to sub-agents.

*The exceptions are overruled, and the judgment affirmed.*